Ryan T. McCoy (State Bar No. 239882)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
rmccoy@fulbright.com

M. Scott Incerto (Texas Bar No. 10388950) (*Pro Hac Vice* Application Pending)
Adam T. Schramek (Texas Bar No. 24033045) (*Pro Hac Vice* Application Pending)
**FULBRIGHT & JAWORSKI L.L.P.**
600 Congress Ave., Suite 2400
Austin, Texas 78701
Telephone: (512) 536-5232
Facsimile: (512) 536-4598
sincerto@fulbright.com
aschramek@fulbright.com

Attorneys for Defendant
FREESCALE SEMICONDUCTOR, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTE TECHNICAL SALES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. C-08-02153-JF<br><br>**DEFENDANT FREESCALE SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>[FED R. CIV. PROC. 12(b)(3)]<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3 |

PLEASE TAKE NOTICE that on July 25, 2008, at 9:00 a.m. in Courtroom 3 of the Honorable Jeremy D. Fogel, United States District Court Judge, located at 280 South First Street,

#2112, San Jose, California 95113, defendant Freescale Semiconductor, Inc. ("Freescale") hereby moves the Court pursuant to Federal Rules of Civil Procedure Rule 12(b)(3) for an order dismissing plaintiff Forte Technical Sales, LLC's Complaint for improper venue.

Freescale seeks dismissal of Plaintiff's Complaint to enforce the parties' agreement that all disputes "arising under or in connection with" their contract be litigated in Travis County, Texas.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Court's file, and upon such further argument and evidence as may be presented in Freescale's reply memorandum and any hearing on this matter.

Dated: May 1, 2008

Ryan T. McCoy
M. Scott Incerto
Adam T. Schramek
**FULBRIGHT & JAWORSKI L.L.P.**


_____/s/Ryan T. McCoy_____
Ryan T. McCoy
Attorneys for Defendant
FREESCALE SEMICONDUCTOR, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Freescale Semiconductor, Inc. ("Freescale"), seeks by this motion an order dismissing this case for having been filed in an improper venue that is contrary to the parties' forum selection clause in the contract upon which this suit has been brought.

## I.  INTRODUCTION AND STATEMENT OF ISSUES

This Court is being asked to dismiss Plaintiff's case, thereby enforcing the parties' agreement that all disputes "arising under or in connection with" their contract be litigated in Travis County, Texas. A motion to dismiss premised on the enforcement of a forum selection clause should be treated as a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(3). *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

## II.  STATEMENT OF RELEVANT FACTS

Freescale operates an international semiconductor design, manufacturing, and distribution business that is headquartered in Austin, Texas. In May 2007, Freescale entered into a contract with Plaintiff Forte Technical Sales, LLC ("Forte") whereby Forte would act as a sales representative for Freescale's Bay Area customers. *See* Sales Representative Agreement (hereafter "SRA"), attached as Exhibit A to Freescale's Notice of Removal, Recitals A & B, § 3 and Exhibit B to the SRA. In their contract, the parties agreed to a comprehensive dispute resolution procedure that required any dispute escalating to litigation to be brought in the courts of Travis County, Texas (the county in which Austin is located). The dispute resolution paragraph states:

> Dispute Resolution.   The parties will attempt to settle ***all disputes arising under or in connection with this Agreement*** through consultation and negotiation in good faith and a spirit of mutual cooperation.   If those attempts fail the parties may also agree to consider) but will not be obligated to engage in) forms of binding or nonbinding dispute resolution . . . . ***Any dispute that is not resolved by the parties through negotiation or ADR*** within 6 months of the date of the initial demand for resolution by either party ***may then be submitted to the courts*** for resolution.   ***Venue for any litigation will be in Travis County, Texas.***   The use of ADR procedures will not be construed under the doctrines of laches, waiver or estoppel to affect adversely the rights of either party. . . .

1  SRA § 15.14 (emphasis added).

2  The requirement that any litigation be brought in Travis County, Texas, was consistent with the parties' agreement that Texas law would govern their relationship. The choice-of-law clause states as follows:

> Governing Law. This Agreement ***will be governed by, construed, and enforced in accordance with the laws of the State of Texas*** as if entered into in that State by citizens of that State to be performed wholly within that State, and without regard to its conflict of laws provision. The United Nations Convention on Contracts for the International Sale of Goods will not apply to this Agreement.

SRA § 15.16. Forte's signature is found on page 15 of the SRA, right below the Governing Law clause and on the same page as half of the dispute resolution paragraph.

Despite these contractual agreements, Forte filed suit for breach of contract in state court in California asserting a remedy under a California statute. Forte was certainly aware of both of these provisions of the SRA when it filed suit as the copy of the contract it attached to its complaint had writing highlighting both of these requirements (the forum selection clause is underlined and the terms "Governing Law" and "State of Texas" are circled in the choice-of-law clause). Freescale timely removed the case to this Court and now seeks dismissal of Forte's lawsuit because it has been filed in an improper venue in violation of the parties' forum selection clause.

### III.  ARGUMENT

As recently explained by the Ninth Circuit, it is "clear that the Supreme Court has established a strong policy in favor of the enforcement of forum selection clauses." *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984. 992 (9th Cir. 2006). In *Gallo Winery*, the Ninth Circuit explained how "forum selection clauses gained widespread acceptance as a result of the Supreme Court's decisions in *M/S Bremen* and *Carnival Cruise Lines*." *Id.*, citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991).

In *M/S Bremen*, the Supreme Court stated that "[i]n the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside." 407 U.S. at 15. Similarly, in *Carnival Cruise Lines*, it explained that "a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended . . . ." 499 U.S. at 593-94. In *Gallo Winery*, the Ninth Circuit further explained:

> Forum selection clauses are increasingly used in international business. When included in freely negotiated commercial contracts, they enhance certainty, allow parties to choose the regulation of their contract, and enable transaction costs to be reflected accurately in the transaction price. We have also repeatedly stressed the importance of forum selection clauses and have held that they "should be enforced absent strong reasons to set them aside."

*Gallo Winery*, 446 F.3d at 992, citing *Northrop Corp. v. Triad Int'l Mktg, S.A.*, 811 F.2d 1265, 1270 (9th Cir. 1987). In fact, the Ninth Circuit in *Gallo Winery* concluded that a violation of a forum selection clause is properly the basis for an anti-suit injunction. *Id.* at 995 ("We reverse and remand to the district court with instructions to enter a preliminary injunction barring Andina from proceeding with litigation in Ecuador.")

Federal law governs the validity of forum selection clauses in diversity cases.[1] See *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). The enforceability of forum selection clauses is controlled by the Supreme Court's decision in *M/S Bremen*. *Argueta*, 87 F.3d at 324 (noting that while *M/S Bremen* was an admiralty case, "its standard has been widely applied to forum selection clauses in general").

---

[1] *But see Gallo Winery*, 446 F.3d at 994 ("As stated above, the contract clearly contains a California choice-of-law clause; thus, the validity of the forum selection clause should be decided by California law, as the law of the contract, rather than by Ecuadorian law."). Here, Section 15.16 of the Forte contract states that the laws of Texas apply to its construction and enforcement. However, even if the Court applied Texas law, the result would be the same as Texas courts have adopted the federal standard for enforcing forum selection clauses. *See, e.g., Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 793 (Tex. 2005) (explaining that enforcement of a forum-selection clause is mandatory absent a showing that enforcement would be unreasonable and unjust, or that the clause was invalid due to fraud or overreaching).

In *M/S Bremen*, the Court explained that forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is "'unreasonable' under the circumstances." 407 U.S. at 10. The Supreme Court has construed this exception narrowly. A forum selection clause is only unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court," or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *M/S Bremen*, 407 U.S. at 15, 18; *Carnival Cruise Lines*, 499 U.S. at 591; *see also Manetti-Farrow*, 858 F.2d at 512 (applying *Bremen* to affirm enforcement of a forum selection clause in an exclusive dealership contract).

As mentioned above, Freescale's principal place of business and international headquarters is in Austin, Texas. Forte was to act as Freescale's manufacturing representative for customers who would use Freescale's chips in electronic devices to be sold around the globe. Forte was well aware that it ultimately reported to management in Austin, Texas. Accordingly, Forte and Freescale reasonably agreed that the law and courts of Texas would govern any disputes arising from their contractual relationship. The parties availed themselves of the legitimate benefits of a forum selection clause as enumerated by the U.S. Supreme Court in *Carnival Cruise Lines* and the Ninth Circuit in *Gallo Winery*. While Forte may now wish to change its mind, there is simply no basis on which to disregard the parties' agreement. The forum selection clause in the Forte contract is presumptively valid and no basis exists to disregard it.

/ / /

/ / /

/ / /

80187720.2                                 - 4 -

RULE 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE (C-08-02153-JF)

DOCUMENT PREPARED
ON RECYCLED PAPER

## IV. CONCLUSION

For the foregoing reasons, defendant Freescale respectfully requests that the Court dismiss this action as having been brought in an improper venue.

Dated: May 1, 2008

Ryan T. McCoy
M. Scott Incerto
Adam T. Schramek
**FULBRIGHT & JAWORSKI L.L.P.**


                     /s/Ryan T. McCoy
Ryan T. McCoy
Attorneys for Defendant
FREESCALE SEMICONDUCTOR, INC.

# PROOF OF SERVICE

I, Maria C. Vara, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On May 1, 2008, I served a copy of the within document(s):

**DEFENDANT FREESCALE SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by filing electronically with the Clerk of Court through CM/ECF and that CM/ECF will send an e-notice of the electronic filing to the email address(es) as set forth below.

John C. Clark, Esq.  
Rusconi, Foster & Thomas, APC  
30 Keystone Avenue  
Morgan Hill, CA 95037

Tel: (408) 779-2106  
Fax: (408) 779-1553  
Email: john@rftlawyer.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 1, 2008, at Los Angeles, California.

_____  
Maria C. Vara