JOHN C. CLARK - SBN 144549
RUSCONI, FOSTER & THOMAS, APC
30 Keystone Avenue
Morgan Hill California  95037
Telephone:   (408)779-2106
Facsimile:   (408)779-1553

Attorneys for Plaintiff
FORTE TECHNICAL SALES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTE TECHNICAL SALES, LLC, a California Limited Liability Company,<br><br>             Plaintiff,<br><br>   v.<br><br>FREESCALE SEMICONDUCTOR, INC., a Delaware Corporation, and DOES 1 through 10, inclusive<br><br>             Defendants. | Civil Action No. C08 02153JF<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3 |

Comes now plaintiff Forte Technical Sales, LLC, and submits the following brief in opposition to the motion to dismiss filed by defendant Freescale Semiconductor, Inc.

### I.   SUMMARY OF DEFENDANT'S MOTION

The gravamen of defendant's motion is a prayer for dismissal on the basis that Rule 12(b)(3) governs venue in this case; that the parties contracted that any and all legal claims would be brought in Travis County Texas; and that the Agreement is to be governed by the laws of the State of Texas.  Defendant cites cases

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                              1

establishing the general enforceability of forum selection clauses in contracts. However, as explained below, venue of this case is appropriate and necessary in the State of California.

## II.   ARGUMENT IN OPPOSITION

### 1.  Under California Law, the Forum Selection and Choice of Law Clauses are Void and Unenforceable.

Plaintiff agrees and acknowledges that Defendant may properly remove this lawsuit to federal court. However, Plaintiff disagrees that Defendant may move to dismiss under Rule 12(b)(3) or that the forum selection and choice of law clauses contained in the underlying contract are valid or enforceable.

Venue involves the determination of the appropriate district court in which an action may be heard, and this determination is governed by federal law. Stewart Organization, Inc. v. Ricoh Corp. (1988) 487 US 22, 28. If a defendant challenges venue, the plaintiff has the burden of proving that venue is proper. French Transit, Ltd. V. Modern Coupon Systems, Inc. (SDNY 1994) 858 F.Supp. 22, 25.

Generally, venue is appropriate in the following districts:

- Where any defendant resides if all defendants reside in the same state;

- Where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

- In an action based on diversity, if the first two rules leave an action without venue, then where any defendant is subject to personal jurisdiction at the time the action is commenced;

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                               2

1   28 USC §1391(a),(c).

2   Where an action is removed from state court to federal court, however, §1391 does not determine venue, and venue is instead dictated by the removal statute (28 USC §1441). §1441 states, in pertinent part:

> "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter [28 USCS §§ 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded."

Thus, the removal of a state court matter on this basis is, by this statute, properly in the district court for the district and division embracing the place where the state court action is pending. See also Kerobo v. Southwestern Clean Fuels Corp. (6th Cir 2002) 285 F3d 531, 534-536.

Where an action is removed to federal court from state court, an action may be removed to another district court under the venue transfer statutes. Hollis v. Florida State Univ. (11th Cir 2001) 259 F3d 1295, 1300. In the absence of a controlling forum selection clause, a defendant's removal of an action waives or cures any objection the defendant may have to improper venue in the district to which it was removed. Polizzi v. Cowles Magazines, Inc. (1953) 345 US 663, 665-666. A contractual designation of forum cannot override the venue dictated by the removal statute. Kerobo v. Southwestern Clean Fuels Corp. (6th Cir 2002) 285 F3d 531,

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                                          3

534-536.

In some instances, a motion to enforce a forum selection clause may be treaded as a motion to change venue under Rule 12(b)(3). In this circumstance, the pleadings need not be accepted as true, and the court may consider facts outside the pleadings. <u>Kukje Hwajae Insurance Co. V. M/V Hyundai Liberty,</u> (9th Cir 2005) 408 F.3d 1250,1254. Where there are controverted facts and evidence underlying the attempt to resist enforcement of a forum selection clause, the court should draw all reasonable inferences in favor of the non-moving party. <u>Murphy v. Schneider National, Inc.</u> (9th Cir. 2004) 362 F.3d 1133, 1138.

While the Supreme Court has expressed a strong policy in favor of international and domestic forum selection clauses contained in contracts, even the Defendant agrees and acknowledges that such clauses are not absolute and subject to several recognized exceptions on enforcement.

2. **California is the Appropriate Forum for This Matter.**

The underlying complaint, which was filed in the Superior Court of the County of Santa Clara, asserts an action for violation of California's Independent Wholesale Sales Representative Contractual Relations Act of 1990 (The "Act"). Such an action is one unique to California and established pursuant to an expressed policy of the California Legislature in 1990. The Legislature declares, at Civil Code §1738.10, the following overriding public policy of this State:

> **"The Legislature finds and declares that independent wholesale sales representatives are a key ingredient to the California economy. The**

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                                4

> Legislature further finds and declares the wholesale sales representatives spend many hours developing their territory in order to properly market their products, and therefore should be provided unique protection from unjust termination of the territorial market areas. Therefore, it is the intent of the Legislature, in enacting this act to provide security and clarify the contractual relations between manufacturers and their non-employee sales representatives."

In the Act, at Civil Code §1738.13, the Legislature established the following requirements for contracts between independent sales representatives and manufacturers:

> "(a) Whenever a manufacturer, jobber, or distributor is engaged in business within this state and uses the services of a wholesale sales representative, who is not an employee of the manufacturer, jobber, or distributor, to solicit wholesale orders at least partially within this state, and the contemplated method of payment involves commissions, the manufacturer, jobber, or distributor shall enter into a written contract with the sales representative.
>
> (b) The written contract shall include all of the following:
>
>    (1) The rate and method by which the commission is computed.
>    (2) The time when commissions will be paid.
>    (3) The territory assigned to the sales representative.
>    (4) All exceptions to the assigned territory and customers therein.
>    (5) What chargebacks will be made against the commissions, if any.
>
> (c) The sales representative and the manufacturer, jobber, or distributor shall each be provided with a signed copy of the written contract and the sales representative shall sign a receipt acknowledging receipt of the signed contract.
>
> (d) The sales representative shall be provided with the following written information and documentation with payment of the commission:

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                   5

> (1) An accounting of the orders for which payment is made, including the customer's name and invoice number.
> (2) The rate of commission on each order.
> (3) Information relating to any chargebacks included in the accounting.
>
> **(e) No contract shall contain any provision which waives any rights established pursuant to this chapter. Any such waiver is deemed contrary to public policy and void.**" [emphasis added]

At Civil Code §1738.14, the Legislature provided for jurisdiction over manufacturers outside of California:

> **"A manufacturer, jobber, or distributor who is not a resident of this state, and who enters into a contract regulated by this chapter is deemed to be doing business in this state for purposes of personal jurisdiction."**

Finally, the Legislature expressed its strong public policy supporting the Act by establishing that a willful violation of the Act shall entitle the plaintiff to treble damages and attorney's fees and costs in a civil action.

§ 1738.15.  <u>Civil action for damages</u>

> **"A manufacturer, jobber, or distributor who willfully fails to enter into a written contract as required by this chapter or willfully fails to pay commissions as provided in the written contract shall be liable to the sales representative in a civil action for treble the damages proved at trial."**

§ 1738.16.  <u>Attorney fees and costs</u>

> **"In a civil action brought by the sales representative pursuant to this chapter, the prevailing party shall be entitled to reasonable attorney's fees and costs in addition to any other recovery."**

In summary, the California Legislature expressly declared the State's strong public policy in favor of unique protection of its independent sales representatives.  The Legislature provided that

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                         6

any contract involving commissions between manufacturers and sales representatives will be governed by California law, notwithstanding any contractual language to the contrary. Any manufacturer who engages an independent sales representative in California voluntarily subjects itself to the jurisdiction of the State. Any manufacturer who willfully violates the requirements of the Act "shall" be subject to treble damages, attorney's fees and costs. Finally, the parties may not, under any circumstance, waive by contract the provisions of the Act.

There are very few acts passed by the California Legislature which express a public policy which is stronger than what the Legislature provided in seeking protection of its independent sales representatives. In addition to its express policy, when the Legislature provides a non-waiver of its requirements, attorney's fees, and treble damages, it cannot be more adamant in its declaration of public policy that such matters may not be avoided by means of choice of forum clauses placed into contracts governed by the Act.

The State of Texas, on the other hand, has no such similar policy or contractual requirements relating to independent sales representatives. The contractual language declaring actions to be brought in Texas state court and the application of Texas law has the direct effect of waiving the entirety of California's laws and strong public policy declarations.

Defendant notes the stated exceptions to the enforcement of a forum selection clause in a contract, namely: 1) if the inclusion of the clause was the product of fraud or overreaching; 2) if the

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                                7

party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and 3) if enforcement would contravene a strong public policy of the forum in which the suit is brought. <u>M/S Bremen v. Zapata Off-Shore Co.</u> (1972) 407 US 1, 12-13, 15. In the case at bar, and as described below, at least two of the stated exceptions are applicable.

- <u>Exception for Deprival of Day in Court</u>:

As indicated, Plaintiff is unaware of any express policy, either by the Texas legislature or the Texas courts, establishing standards or requirements similar to those expressed by the California Legislature. California has established mandatory requirements for manufacturers in their use and retention of California independent sales representatives. In addition, California has expressly provided for redress for any violations of the Act to the courts of the State of California, even providing a "long arm" statute for jurisdiction as to out of state manufacturers.

A dismissal for lack of venue, or even transfer to the district court in Texas, would effectively deprive plaintiff of its day in court. A Texas court would not feel bound by the Act and would surely apply Texas law to the underlying contract. The provisions and protections created by the Act, and the enforcement and deterrent mechanisms created by the California Legislature, would be negated by acceptance and enforcement of the forum selection clause.

- <u>Exception for Contravention of Strong Public Policy</u>:

As previously noted, there are few stated policies in the

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                         8

California Civil Code which rise to a higher level of strong public policy expressed by the California Legislature than the Independent Wholesale Sales Representative Contractual Relations Act of 1990. The overriding policy is itself stated in the opening section of the Act.  Jurisdiction is provided over out of state manufacturers. Manufacturers must establish a written contract, and the contract must contain several safeguards so that sales representatives will know the nature of their relationship and the basis for their compensation. Willful violations will require manufacturers to pay treble damages and attorney's fees, notwithstanding the language of any contract.  Indeed, under the Act, any provision which waives any provision of the Act is "contrary to public policy and void." In other words, the forum selection and choice of law clauses contained in the Agreement are void.  As a matter of law, they do not exist in the Agreement and therefore cannot be considered for venue or dismissal purposes.

Under California law, a court would not be considering whether to enforce the forum selection and choice of law clauses.  Instead, a court would be declaring them void ab initio as in violation of express California Law. [Civil Code §1738.13(e)].

Thus, this court may determine that under California law, the choice of law and forum selection clauses are void ab initio and not part of the written Agreement.  This court may alternatively determine that the clauses are within the framework of the Agreement but contrary to strong public policy of the State of California as expressed by the Legislature.  Finally, this court may conclude that enforcement of any such clause would have the

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                             9

effect of depriving plaintiff of an opportunity to seek relief under the Act or the Agreement as defined by California law. In any case, the court is compelled to keep jurisdiction in this court and venue in California.

       3.    **California is the Convenient Forum for this Litigation.**

The notion of the most convenient forum is an element of the exception of transfer based on deprivation of a meaningful day in court. A brief discussion in its own context is appropriate here. The relationship between Plaintiff and Defendant is that of independent sales representative and manufacturer. Defendant came to California to solicit and engage one or more independent sales representatives to market, sell, and service new and existing California customers. The contract was presented to plaintiff in California for execution. Defendant Freescale, at all relevant times, operated and maintained an office on San Jose. Indeed, Exhibit "B" to the underlying Agreement limits Plaintiff's sales territory to the Bay Area and Sacramento regions. All of the sales activity, past and present, and thus the underlying sales which form the basis for commissions, were generated in California. Those witnesses, whether customers, distributors, or sales representatives are all located within Northern California. Even the representative of Freescale who executed the underlying Agreement was located in Arizona, not Texas. Indeed, despite the language of the choice of law clause in the Agreement, Plaintiff did not market or sell any of Defendant's product in the State of Texas. Texas has nothing to do with the facts of this litigation other than its status as the location of Defendant's home office.

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                      10

### III. CONCLUSION

Venue is established as proper under the removal statute. While a defendant may seek a transfer, dismissal is not appropriate under this situation. While forum selection clauses are generally enforceable, the facts of this case establish the clause to be void and contrary to strong California public policy. Transferring this matter to Texas would effectively negate California's expressed policy and deprive Plaintiff of its day in court. Finally, California is the most convenient and appropriate forum for the prosecution of this action, based primarily on a uniquely California cause of action.

Based on the foregoing, Plaintiff respectfully requests the court deny Defendant's motion to dismiss.

DATED: June 27, 2008.

RUSCONI, FOSTER & THOMAS, APC

By_____
John C. Clark
Attorney for Plaintiff
FORTE TECHNICAL SALES, LLC

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS                              11