Ryan T. McCoy (State Bar No. 239882)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
rmccoy@fulbright.com

M. Scott Incerto (Texas Bar No. 10388950) (Admitted *Pro Hac Vice*)
Adam T. Schramek (Texas Bar No. 24033045) (Admitted *Pro Hac Vice*)
**FULBRIGHT & JAWORSKI L.L.P.**
600 Congress Ave., Suite 2400
Austin, Texas 78701
Telephone: (512) 536-5232
Facsimile: (512) 536-4598
sincerto@fulbright.com
aschramek@fulbright.com

Attorneys for Defendant
FREESCALE SEMICONDUCTOR, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTE TECHNICAL SALES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. C-08-02153-JF<br><br>**DEFENDANT FREESCALE SEMICONDUCTOR, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE; DECLARATION OF WAYNE EDWARDS IN SUPPORT THEREOF**<br><br>[FED R. CIV. PROC. 12(b)(3)]<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3 |

Defendant Freescale Semiconductor, Inc. ("Freescale" or "Defendant") files this reply brief in support of its motion to dismiss this case for having been filed in contravention of the parties' forum selection clause in the contract upon which this suit has been brought.

## I. SUMMARY OF REPLY BRIEF

Plaintiff Forte Technical Sales, L.L.C. ("Forte" or "Plaintiff") does not dispute that it agreed to litigate this dispute in Austin, Texas. Instead, it asks this Court to condone the breach of contract it committed by bringing the case in California. However, Forte has provided the Court with no basis in law for invalidating the forum selection clause in the contract upon which it has brought suit. Forte's brief is premised on the argument that only a California court can adjudicate its claim under the Independent Wholesale Sales Representative Contractual Relations of 1990 (the "IWSRA") because a Texas court "would not feel bound by the Act and would surely apply Texas law to the underlying contract." Of course, the choice of law question is not before the Court and Forte's groundless speculation as to how a Texas court would ultimately decide such issue provides no basis for this Court to refuse enforcement of the forum selection clause. Moreover, where the California Legislature requires venue in California for particular statutory claims, such as claims concerning certain franchise agreements, the statute clearly and expressly says so. Here, nothing in the IWSRA requires venue in California, as evidenced by the fact that States outside of California have applied it where appropriate. Both principals of Forte have traveled to Austin, Texas, in connection with Freescale business and this Court, in accordance with the strong federal policy favoring forum selection clauses, should enforce Forte's agreement to litigate there.

## II. ARGUMENT

### A. *Plaintiff Bears the "Heavy Burden of Proof" in Challenging the "Presumptively Valid" Forum Selection Clause*

Forte initially states that it "disagrees that Defendant may move to dismiss" this case under Rule 12(b)(3), but then fails to cite the Court to any precedent supporting its disagreement. Instead, it spends the first few pages of its opposition brief ("Opposition") citing various

undisputed propositions of general venue law. For example, it cites the general venue statute (which explains where suits should be filed absent a valid forum selection clause) as well the removal statute (which required removal of Forte's state court lawsuit to this Court). It even cites the proposition of law that "*in the absence* of a controlling forum selection clause," a defendant's removal waives or cures improper venue objections. *See* Opposition, p. 3 (emphasis added), citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-666 (1953). How any of these statements relate to Forte's position is not explained.

Forte's disagreement is especially curious given the fact that Freescale's motion cited the Ninth Circuit case in which the court analyzed "which procedural rule governs a motion to dismiss premised on the enforcement of a forum selection clause," and then concluded that such a motion be treated "as a Rule 12(b)(3) motion to dismiss for improper venue" and that appellants "had not met their burden of showing that enforcement of the forum selection clause would be unreasonable." *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)

Moreover, the cases cited by Forte clearly reflect that a 12(b)(3) motion to dismiss is the appropriate procedure. The *Hyundai* opinion states that a Rule 12(b)(3) motion is the proper motion to enforce a forum selection clause and concludes that the district court "abused its discretion when it failed to enforce the forum-selection clause in the bill of lading at the outset of the litigation." *Kukje Hwajae Insurance Co., Ltd. V. M/V Hyundai Liberty*, 408 F.3d 1250, 1254-55 (9th Cir. 2005) (emphasis added). The Ninth Circuit nonetheless affirmed the district court's order since it "properly dismissed" the case "albeit for a different reason." *Id.* at 1255. The *Murphy* opinion also concerned a Rule 12(b)(3) dismissal order. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2003) (noting that the applicable standard of review is abuse of discretion).

Accordingly, the authorities are clear that forum selection clauses "are presumptively valid," and that to avoid dismissal, "[t]he party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy*, 362 F.3d at 1140.

Here, the forum selection clause is clearly enforceable and Forte has failed to carry its heavy burden to show otherwise.

### B. The Forum Selection Clause Does Not Violate California Public Policy Because the No-Waiver Clause at Issue Does Not Restrict Venue

Forte argues that enforcing the forum selection clause at issue would "contravene a strong public policy" of California, one of the three grounds for invalidating a forum selection clause. See Opposition, pp. 7-8. In support of such argument, it cites the following no-waiver clause in the IWSRA:

> No contract shall contain any provision which waives any rights established pursuant to this chapter. Any such waiver is deemed contrary to public policy and void.

CAL. CIV. CODE 1738.13(e). It is from this generic "no waiver" provision that Forte argues that the forum selection clause at issue in this case is unenforceable. Of course, it is immediately apparent that the clause relied upon has nothing to do with a forum selection clause and in no way restricts venue to California. The California Legislature is very clear when it desires to restrict litigation to California courts. For example, with respect to certain franchise agreements, the California Legislature has stated that:

> [a] provision in a franchise agreement *restricting venue to a forum outside this state is void* with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state.

CAL. BUS. & PROF. CODE § 20040.5. This is the provision Forte wishes had been included in the IWSRA but which simply was not.

Forte's assertion that a Texas court "would not feel bound by the Act and would surely apply Texas law to the underlying contract" is pure speculation. See Opposition, p. 8. Texas courts routinely apply choice of law principles to determine what law to apply to a dispute. See, e.g., Malibu Consulting Corp. v. Funair Corp., 2008 U.S. Dist. LEXIS 14995 (W.D. Tex. February 28, 2008) (unpublished) (concluding that "all of Plaintiff's claims, whether construed as tort or contract claims, are governed by California law"); 3M v. Nishika Ltd., 953 S.W.2d 733, 737 (Tex. 1997) (concluding that Minnesota law applied to the transactions at issue). Moreover,

courts outside of California have applied the ISWRA to cases before it. *See, e.g., Northland Power v. General Electric Co.*, 150 F. Supp.2d 775, 788 (S.D. Ohio 1999), *rev'd on other grounds* (applying California law and considering the IWSRA's definition of "manufacturer" in determining whether a party qualified as such under California law); *M-Squared, Inc. v. International Rectifier, Inc.*, 2000 U.S. Dist. LEXIS 22200, at *3 (E.D. Pa. Nov. 16, 2000) (unpublished) (dismissing plaintiff's claim under the ISWRA). Forte can brief the choice of law issue in the contractually agreed forum and its apparent concern over regional prejudice can be alleviated if it files its case in federal court, which is clearly permitted by the forum selection clause this Court is being asked to enforce.

In addition, Forte's attempt to convert a mere "no waiver" clause into a "venue restriction" clause has already been rejected by at least one California federal court. In the *Pong* case, the Eastern District of California was confronted with a motion to dismiss plaintiffs' securities fraud claims on grounds of improper venue pursuant to a forum selection clause in the promissory notes that formed the basis for the lawsuit. *See Pong v. American Capital Holdings, Inc.*, 2007 U.S. Dist. LEXIS 18727, at *1–2 (E.D. Cal. Feb. 2007) (unpublished). Plaintiffs argued that the forum selection clause was not enforceable because it violated California's no-waiver statute for securities fraud actions. *Id.* at *13. The relevant language in the statute at issue stated that "[a]ny condition, stipulation or provision purporting to bind any person acquiring any security to waive compliance with any provision of this law or any rule or order hereunder is void." CAL. CORP. CODE § 25701. The court held that the forum selection clause in the promissory notes was enforceable. *Id.* In particular, the court noted that the statutory language being relied upon "[did] not appear to express a strong public policy regarding venue." *Id.* at *14.

C.   ***Forte Has Failed to Meet its Heavy Burden to Prove an Exception to the Enforceability of the Forum Selection Clause***

With no public policy barring the enforcement of the parties' forum selection clause, Plaintiff is left to argue that it will somehow be deprived of its day in court if it must litigate in Texas. However, rather than providing any reason as to why it cannot litigate in Texas, Plaintiff

merely repeats its public policy argument by speculating, without any support whatsoever, that the courts of Texas "would not feel bound" by the IWSRA and "would surely apply Texas law" to the dispute. Opposition, p. 8.

Furthermore, nothing in the declaration submitted by Forte principal Michael O'Neill ("O'Neill Decl.") comes close to the "heavy burden of proof" needed to avoid a presumptively valid forum selection clause on the basis that its enforcement would deprive a plaintiff of his day in court. As mentioned above, Forte cites the *Murphy* case, which addresses this issue. In that case, the Ninth Circuit concluded that the plaintiff was entitled to an evidentiary hearing before his suit was dismissed where the affidavit he submitted reflected that 1) plaintiff had not been formally educated beyond the tenth grade, 2) he had been unable to work since his injury, 3) he had no disposable income, 4) he could not afford to maintain his case if he had to bring it in Wisconsin and 5) due to his injury, he could not tolerate sitting in an auto trip to Wisconsin. *Murphy*, 362 F.3d at 1136-37. Here, nothing close to these facts is presented, with Forte providing nothing but the conclusory statement by one of its principals that it would be a "hardship" and "inconvenience" to litigate in Texas because Forte is a "small, young company." O'Neill Decl. at ¶ 10. As explained in a 2005 decision from the Northern District of California:

> To meet the heavy burden required to overcome the presumption that a forum selection clause is valid, plaintiff must show that it is an impossibility for her to try her case, not simply a less convenient or effective means of doing so. Financial stability enables a plaintiff to secure appropriate means of travel and medical assistance unavailable to those facing extreme poverty. Likewise, the availability of electronic filing and video and teleconferencing technology limits the need for travel. In addition, in [a] civil case, a plaintiff may pursue a claim without appearing in court in person.

*Pratt v. Silversea Cruises, Ltd.*, 2005 U.S. Dist. LEXIS 14339, 2005 WL 1656891 at *1 (N.D. Cal. July 13, 2005) (unpublished). Forte has not met the required legal standard.

While Forte never alleges in its briefing that the forum selection clause was the product of fraud or overreaching, the affidavit submitted by Mr. O'Neill does contain the statement that the "standard terms" of the contract at issue, including the forum selection clause, "were not negotiated" in that they were "already contained in the *proposed* Agreement" when he received it.

80241372.1

- 6 -

REPLY BRIEF: RULE 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE (C-08-02153-JF)

DOCUMENT PREPARED ON RECYCLED PAPER

O'Neill Dec. at ¶ 7 (emphasis added). This statement provides no basis for refusing to enforce the forum selection clause. The Ninth Circuit, in the very *Murphy* decision cited and relied upon by Forte, rejected the argument that "a differential in power or education" even with respect to a "non-negotiated contract" will vitiate a forum selection clause. *Murphy*, 362 F.3d at 1141. Instead, the court noted that even if the defendant had specifically told plaintiff that "the contract was not negotiable" and that he must sign it to work, the court would enforce such clause so as not to "disrupt the settled expectations of the parties . . . ." *Id.* Here, Forte does not even attempt to argue that the contract at issue was not negotiated or that the forum selection clause was somehow forced upon it. Instead, Forte merely notes that the forum selection clause was included in an initial draft of what became the final agreement it signed.

This was a freely negotiated contract between two sophisticated parties. Forte has provided this Court with no basis for altering the bargain it made.

### D. *Austin is a Convenient Forum*

While it is not relevant to the enforceability of a forum selection clause, Freescale does note that Austin is a convenient forum for this litigation. Forte's principals have traveled to Texas numerous times, with one principal traveling to Austin in connection with performing the contract at issue. *See* Declaration of Wayne Edwards, attached hereto as Exhibit "A" at ¶¶ 3, 5. It is also the place where Freescale maintains its principals offices and is the residence of a former Freescale employee involved with the Forte contract. *Id.* at ¶¶ 1-3. Moreover, the Forte contract was performable in part in Austin. *Id.* at ¶ 5.

///
///
///

### III. CONCLUSION

For the foregoing reasons, defendant Freescale respectfully requests that the Court dismiss this action as having been brought in an improper venue.

Dated: July 11, 2008

Ryan T. McCoy
M. Scott Incerto
Adam T. Schramek
**FULBRIGHT & JAWORSKI L.L.P.**


      /s/ Ryan T. McCoy
Ryan T. McCoy
Attorneys for Defendant
FREESCALE SEMICONDUCTOR, INC.

# EXHIBIT A

Ryan T. McCoy (State Bar No. 239882)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
rmccoy@fulbright.com

M. Scott Incerto (Texas Bar No. 10388950) (Admitted *Pro Hac Vice*)
Adam T. Schramek (Texas Bar No. 24033045) (Admitted *Pro Hac Vice*)
**FULBRIGHT & JAWORSKI L.L.P.**
600 Congress Ave., Suite 2400
Austin, Texas 78701
Telephone: (512) 536-5232
Facsimile: (512) 536-4598
sincerto@fulbright.com
aschramek@fulbright.com

Attorneys for Defendant
FREESCALE SEMICONDUCTOR, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTE TECHNICAL SALES, LLC, a California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. C-08-02153-JF<br><br>**DECLARATION OF WAYNE EDWARDS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Ctrm: 3 |

I, Wayne Edwards, declare:

1. I am the director of global sales operations at Zarlink Semiconductor in Austin, Texas. I was previously employed by Freescale Semiconductor, Inc. ("Freescale"), the defendant

in the above captioned matter, for eighteen years in a number of senior management positions, but latterly as Sales Operations Director for the Americas Region. I have personal knowledge of the matters stated herein and am competent to testify in this matter.

2. I was employed by Freescale while the contract at issue in this lawsuit between it and Forte Technical Sales, LLC ("Forte") was being negotiated and performed (hereafter the "Forte Contract"). I was also involved in the contract negotiation process between Freescale and Forte.

3. Forte's principals are sophisticated parties who have worked in the semiconductor sales industry for many years. Mr. O'Neill has a relationship with Freescale that arose much earlier than the creation of Forte and the inception of the Forte Contract. Mr. O'Neil previously worked for Trinity Technologies ("Trinity"), a company based in San Jose. In connection with his work for Trinity and its business with Freescale, Mr. O'Neill traveled to Texas on several occasions. Austin, Texas is not only Freescale's home office, but the location of its Oak Hill manufacturing facility (Freescale is a former division of Motorola, Inc.). Mr. O'Neill has attended at least one technology forum in Dallas hosted by Freescale and attended a boat cruise hosted by Freescale on Town Lake (now known as Lady Bird Lake) in Austin.

4. While Freescale had employees in San Jose who participated in negotiating the Forte Contract, drafts were exchanged with Freescale employees in Austin, where Freescale maintains its legal department and where, with respect to negotiations, authority existed. No restrictions were placed on the negotiating process and several drafts were exchanged of what ultimately became the terms and conditions of the Forte Contract.

5. The Forte Contract was performable in part in Austin, Texas. This is reflected by the fact that Forte's other principal, Jeff Leontini, was required to travel to Austin, Texas, in connection with the Forte Contract for an account review at Freescale's Oak Hill manufacturing facility.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10TH day of July, 2008, at Austin, Texas.

_____
WAYNE EDWARDS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

Edwards aff.doc

- 3 -

Declaration of Wayne Edwards (C-08-02153-JF)

## PROOF OF SERVICE

I, Maria C. Vara, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On July 11, 2008, I served a copy of the within document(s):

**DEFENDANT FREESCALE SEMICONDUCTOR, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE; DECLARATION OF WAYNE EDWARDS IN SUPPORT THEREOF**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by filing electronically with the Clerk of Court through CM/ECF and that CM/ECF will send an e-notice of the electronic filing to the email address(es) as set forth below.

John C. Clark, Esq.                     Tel:  (408) 779-2106
Rusconi, Foster & Thomas, APC           Fax:  (408) 779-1553
30 Keystone Avenue                      Email: john@rftlawyer.com
Morgan Hill, CA 95037

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2008, at Los Angeles, California.

_____
Maria C. Vara