**E-Filed 8/26/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTE TECHNICAL SALES, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC., a Delaware Corporation; and, DOES 1-10,<br><br>Defendants. | Case Number C 08-2153 JF<br><br>ORDER TRANSFERRING ACTION[1]<br><br>[re: docket no. 9] |

    Defendant Freescale Semiconductor, Inc. ("Freescale") moves to dismiss the instant action for improper venue pursuant to F. R. Civ. Pro. 12(b)(3) of the Federal Rules of Civil Procedure. Plaintiff Forte Technical Sales, LLC ("Forte") opposes the motion. For the reasons discussed below, the Court agrees with Freescale that venue in this district is improper. However, in the interest of judicial economy and on the Court's own motion, the case will be TRANSFERRED to the United States District Court for the Western District of Texas.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

The instant motion involves a forum selection clause in the Sales Representative Agreement ("SRA") between Freescale and Forte. Freescale is an international semiconductor company with its principal place of business in Austin, Texas. In May 2007, Forte contracted to serve as a sales representative for Freescale in Northern California. The contract includes the following detailed procedures for dispute resolution:

> Dispute Resolution. The parties will attempt to settle all disputes arising under or in connection with this Agreement through consultation and negotiation in good faith and a spirit of mutual cooperation. If those attempts fail the parties may also agree to consider (but will not be obligated to engage in) forms of binding or nonbinding dispute resolution. . . . Any dispute that is not resolved by the parties through negotiation or ADR within 6 months of the date of the initial demand for resolution by either party may then be submitted to the courts for resolution. Venue for any litigation will be in Travis County, Texas.[2]

*See* SRA § 15.14. The contract also includes the following choice of law provision:

> Governing Law. This Agreement will be governed by, construed, and enforced in accordance with the laws of the State of Texas as if entered into in that State by citizens of that State to be performed wholly within that State, and without regard to its conflict of laws provision.

*See* SRA § 15.16. On March 28, 2008, Forte filed the instant action in the Santa Clara Superior Court, seeking damages for breach of contract and for unpaid commissions pursuant to California's Independent Wholesale Sales Representative Contractual Relations Act of 1990 ("the IWSRA"). Freescale removed the action to this Court on April 25, 2008 and filed the instant motion to dismiss on May 1, 2008.

## II. LEGAL STANDARD

"A motion to dismiss based on enforcement of a forum selection clause is treated as a motion for improper venue under Rule 12(b)(3)." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *see also Hsu v. OZ Optics Limited*, 211 F.R.D 615, 618 (N.D. Cal. 2002). In such a motion, "the pleadings are not accepted as true and facts outside the pleadings may be considered by the district court." *Walker v. Carnival Cruise Lines*, 63 F. Supp. 2d 1083,

---

[2] Austin, Texas is located in Travis County. Travis County is within the jurisdiction of the United States District Court for the Western District of Texas.

1086 (N.D. Cal. 1999); *see also American Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 755 (N.D. Cal. 2004).  The Court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider National Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

## III. DISCUSSION

There are two types of forum selection clauses. *Northern Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9th Cir. 1995). "A mandatory forum selection clause is presumed valid and is to be strictly enforced.  A permissive forum selection clause, on the other hand, simply means that the parties consent to the jurisdiction of the designated forum." *Hsu*, 21 F.R.D. at 618 (internal citations omitted).  "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Northern Cal. Dist. Council of Laborers*, 69 F.3d at 1037.

Freescale argues that the language at issue, specifically the phrase "[v]enue for any litigation will be in Travis County, Texas," is mandatory.  The Ninth Circuit previously has found similar clauses to be mandatory. *See, e.g., Docksider, Ltd. v. Sea Tech., Ltd.,* 875 F.2d 762, 763 (9th Cir. 1989) ("[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia").  This Court concludes that the plain meaning of the language "will be in Travis County" is determinative and concludes that by agreeing to these terms, Forte agreed to pursue any and all litigation in Travis County, Texas rather than in California.  Accordingly, the Court concludes that the clause at issue "clearly requir[es] *exclusive* jurisdiction" and is a mandatory forum selection clause. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)(emphasis in original).

Because mandatory forum selection clauses are strictly enforced, the Court may not "set [such a clause] aside unless the party challenging enforcement of such a provision can show it is 'unreasonable' under the circumstances." *Argueta,* 87 F.3d at 325 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972))*. The Supreme* Court has construed this exception narrowly:

A forum selection clause is unreasonable if (1) its incorporation into the contract

3

was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court;' or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Id*. at 325 (internal citations omitted). In the instant action, Forte bears the "heavy burden" of establishing unreasonableness of the forum selection clause in dispute. *Id*.

Forte does not deny that it was aware of the forum selection clause and choice of law provision of the SRA.[3] Instead, Forte contends that "venue of this case is appropriate and necessary in the state of California." Opposition Brief for Forte at 2, Forte v. Freescale, No. 08-2153 JF (N.D. Cal. Apr. 25, 2008). It argues that this case meets California's "strong public policy" exception for overriding a mandatory forum selection clause. It contends that "the California Legislature expressly declared the State's strong public policy in favor of the unique protection of its independent sales representatives" by declaring that "parties may not, under any circumstances, waive by contract the provisions of the [IWSRA]." Opposition Brief for Forte at 6-7.

However, Forte cites only overly broad portions of the Act in support of its argument. For example, it notes with emphasis the IWSRA's no-waiver clause, which provides that "no contract shall contain any provision which waives any rights established pursuant to this chapter." CAL. CIV. CODE § 1738.13(e). But the no-waiver clause does not relate to venue or forum selection. Forte also cites the IWSRA's provisions for damages and attorney's fees, but these provisions do not relate to venue or forum selection either. CAL. CIV. CODE § 1738.15-16. Finally, Forte cites the introduction to the IWSRA, which provides:

> The Legislature finds and declares that independent wholesale sales representatives are a key ingredient to the California economy. The Legislature

---

[3] Michael O'Neil, Forte's principal owner and manager, states in his declaration opposing Freescale's Motion to Dismiss that "the standard terms of the Agreement were not negotiated, rather Freescale presented the Agreement to us with the terms already contained in the proposed Agreement, including those relating to choice of law and forum selection." Dec. of Michael O'Neil at ¶ 7. However, Forte does not assert duress or disparity in bargaining power as a basis for refusing to enforce the forum selection clause. Forte also submitted a copy of the SRA with the relevant venue and choice of law provisions underlined and circled by hand.

further finds and declares the wholesale sales representatives spend many hours developing their territory in order to properly market their products, and therefore should be provided unique protection from unjust termination of the territorial market areas. Therefore, it is the intent of the Legislature, in enacting this act to provide security and clarify the contractual relations between manufacturers and their nonemployee sales representatives.

CAL. CIV. CODE § 1738.13.  However, nothing in the statutory language supports Forte's contention that requiring it to litigate this case in Texas would be unreasonable.

Forte also argues that this case satisfies the "deprivation of its day in court" exception for overriding a mandatory forum selection clause.  Forte claims that because Texas does not have legislation similar to California's IWSRA, a "Texas court would not feel bound by the Act and would surely apply Texas law to the underlying contract." Opposition Brief for Forte at 8. However, Forte does not explain why application of Texas law would be inappropriate given that the parties agreed that Texas law would apply, nor does it offer any evidence that a Texas court would ignore any applicable California law.

In sum, Forte simply has not shown that a dismissal or transfer of this action would be "unreasonable."  Even though it may be more convenient for Forte to litigate in California, the Court must enforce the forum selection clause to which the parties agreed.  In the interest of judicial economy and in accordance with the stated preference of the parties, the Court on its own motion will transfer the case to the Western District of Texas rather than order dismissal.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the instant action be TRANSFERRED to the United States District Court for the Western District of Texas.  The Clerk shall transmit the file to transferee Court.

DATED: August 26, 2008

_____<br>
JEREMY FOGEL<br>
United States District Judge

Case No. C08-1554 JF
 ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF TEXAS FOR IMPROPER VENUE
(JFEX1)

This Order has been served upon the following persons:

John Christopher Clark
Email: John@rftlawyer.com

Adam T. Schramek
600 Congress Avenue, Ste. 2400
Austin, TX 78701-2978
512-474-5201

M. Scott Incerto
600 Congress Avenue, Ste. 2400
Austin, TX 78701
512-474-5201

Ryan Thomas McCoy
Email: rmccoy@fulbright.com

6

Case No. C08-1554 JF
ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF TEXAS FOR IMPROPER VENUE
(JFEX1)